IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| G.L.,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant.<br>_____ | Case No: 4:23-cv-00010-MSH<br>Social Security Appeal |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding he is not disabled within the meaning of the Social Security Act and accompanying regulations.  Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of final judgment directly appealable to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 636(c)(3).  Plaintiff has timely filed this action and his case is ripe for review.

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of the statute, to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520(a)(4)(v). In

arriving at a decision, the Commissioner must consider the combined effects of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on June 15, 2021. Tr. 58. In his application, Plaintiff initially alleged he became disabled to work on December 31, 2014, but subsequently amended his claim such that he alleged he was disabled to work on July 17, 2014. Tr. 58, 157, 40. His claim was denied initially on August 11, 2021, and upon reconsideration on January 10, 2022. Tr. 58-68. He timely requested an evidentiary hearing before an ALJ on January 18, 2022, and one was held on June 8, 2022. Tr. 88-89, 37-56. Plaintiff appeared via video with his non-attorney representative and gave testimony, as did an impartial vocational expert ("VE"). Tr. 10, 37-56. On August 3, 2022, the ALJ issued an unfavorable decision denying Plaintiff's application. Tr. 10-21. Plaintiff sought review by the Appeals Council but was denied on November 23, 2022. Tr. 1-6.

## STATEMENT OF FACTS AND EVIDENCE

On the date he alleges he became disabled to work, Plaintiff was thirty-three years old with a high school education and past relevant work as a basic motor transport Marine, psychiatric aide, and groundskeeper. Tr. 19-20, 52. In conducting the five-step sequential analysis of his claim for disability, the ALJ found, at step two, that Plaintiff had the severe impairments of trauma disorder and depressive disorder. Finding 3, Tr. 12. At step three,

the ALJ determined these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 13-15.  Between steps three and four, the ALJ found Plaintiff to have the RFC to perform a full range of work at all exertional levels with non-exertional limitations.  Finding 5, Tr. 15-19.  In her step-four analysis, the ALJ determined that this RFC renders Plaintiff unable to perform his past relevant work.  Finding 6, Tr. 19-20.  At step five, she elicited testimony from the VE that there are jobs existing in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC, including hand packager, laundry worker, and warehouse worker.  Finding 10, Tr. 20-21.  The ALJ, therefore, found Plaintiff to be not disabled to work.  Finding 11, Tr. 21.

## DISCUSSION

Plaintiff makes two broad assertions of error.  First, he asserts the ALJ failed to consider his traumatic brain injury ("TBI"), headaches, or back pain.  Second, he asserts the RFC assessed by the ALJ is not supported by substantial evidence.  Pl.'s Br. 1, ECF No. 18.  The Court addresses each in turn.

**I.      Consideration of Other Impairments**

As to the ALJ's alleged failure to consider Plaintiff's TBI and headaches, in his application for benefits, Plaintiff did not allege disability based upon either his TBI or headaches.  Tr. 58.  Further, Plaintiff alleged an onset of disability beginning on July 17, 2014, and his date last insured was December 31, 2014.  Tr. 40.  As a result, the relevant period is between July 17, 2014, and December 31, 2014.  *See Moore*, 405 F.3d at 1211.

5

During that period, the relevant medical evidence shows the following: on August 12, 2014, Plaintiff walked into a Veteran's Administration ("VA") clinic requesting that his blood pressure be checked because he had a headache. Tr. 506. He rated his pain as 1, and his blood pressure was stable. *Id.* On August 27, 2014, Plaintiff received psychotherapy at a VA clinic, reported that he has headaches, and said that his primary care physicians reported that his CT scan was normal. Tr. 503-04. On November 21, 2014, Plaintiff went to a VA Clinic asking for his vital signs to be taken, and he rated his pain as 0. Tr. 500-01. On December 10, 2014, he reported he has headaches, his primary care physicians reported a normal CT scan, and he rated his pain as 0. Tr. 497-98. The ALJ expressly stated that she reviewed "the medical evidence of record," and considered Plaintiff's testimony at his hearing before her, and she found that a preponderance of the evidence did not support a finding of disability. Tr. 19.

Under the regulations which apply to Plaintiff's claim, neither a statement of symptoms nor a diagnosis, alone, can establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 404.1529(b). While there is some—very slight—evidence to support Plaintiff's allegations as to his medically determinable impairments, the "issue before [the Court] is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, No. 20-14458, 2021 WL 5023951, at *7 (11th Cir. 2021) (per curiam) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.  Accordingly, Plaintiff's argument as to his TBI and headaches fails.

As to the ALJ's alleged failure to consider Plaintiff's back pain, that argument likewise fails.  In addition to the relevant evidence discussed above, on August 5, 2014, Plaintiff had a non-tender back on examination.  Tr. 508.  There is, quite simply, no evidence of any impairment related to Plaintiff's back within the relevant period.

To the extent Plaintiff cites other medical evidence, that evidence post-dates his date last insured.  *See* Pl.'s Br. 18.  To the extent Plaintiff cites his VA disability rating, under the regulations which apply to Plaintiff's claims, the VA's determination of Plaintiff's disability is not binding on the Commissioner, nor will the ALJ provide any analysis of the VA's determination of disability.  20 C.F.R. § 404.1504.  Finally, to the extent Plaintiff argues that a treating physician's opinion is entitled to significant weight despite the fact the physician did not treat a claimant until after the date last insured, *see* Pl.'s Br. 18, prior to Plaintiff bringing this appeal in federal court, the Eleventh Circuit held in a published opinion that the amended regulations validly abrogated its prior precedent for applying the treating-physician rule.  *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022).  As a result, Plaintiff's argument as to his back pain fails.

## II. Plaintiff's RFC

In support of his second broad argument, Plaintiff raises several supporting arguments.  The Court has considered each argument, and to the extent several reiterate arguments previously made by Plaintiff, the Court finds that they necessarily fail for the reasons already stated.  *See, e.g.*, Pl.'s Br. 20 (discussing Plaintiff's TBI, headaches, and

7

back pain). The Court briefly addresses Plaintiff's remaining arguments.

Plaintiff argues the ALJ failed to properly consider his medical conditions when determining his RFC at step two. *Id.* at 19-20. In addition to the relevant evidence above, the record shows that on August 5, 2014, Plaintiff's history of his then-present illness noted he had no history of hypertension and that he had never been on blood pressure medications. Tr. 507. On examination, Plaintiff had crepitant knees bilaterally. Tr. 508. The provider's impression was that Plaintiff had degenerative joint disease. Tr. 509. On November 21, 2014, when Plaintiff went to the VA to ask for his vital signs to be taken, his gait was steady. Tr. 500-01. As previously noted, these symptoms and diagnoses, without more, do not establish the existence of an impairment.

Step two "'acts as a filter' in that the 'finding of any severe impairment . . . is enough to satisfy the requirement of step two[.]'" *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (per curiam) (first alteration in original) (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Further, no related step four-error occurs when an ALJ considers all of a claimant's symptoms and impairments, including those found to be non-severe, along with the claimant's medical records and testimony, and all opinion evidence in determining a claimant's RFC. *Id.* (citing *Walker*, 826 F.2d at 1001.

The ALJ determined at step two that Plaintiff had severe impairments. Finding 3, Tr. 12. Having found at least one severe impairment at step two, the ALJ continued in the sequential evaluation. That was all that was required at step two. Further, as Plaintiff correctly concedes, any step two error was harmless. Pl.'s Br. 21; *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) (first citing *Diorio v.*

8

*Heckler*, 721 F.2d 726, 728 (11th Cir. 1991); and then citing *Jamison*, 814 F.2d at 588).

Plaintiff also relies on *Tuggerson-Brown v. Commissioner of Social Security*, 572 F. App'x 949 (11th Cir. 2014) (per curiam). Pl.'s Br. 21. While the panel in *Tuggerson-Brown* stated that the ALJ "was required to consider all impairments, regardless of severity, in conjunction with one another" when considering the "latter steps" of the ALJ's evaluation, the panel also held that the ALJ's statement that he evaluated whether the claimant had an "'impairment or combination of impairments' that met a listing and that he considered 'all symptoms' in determining" the claimant's RFC was "enough to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown*, 572 F. App'x at 951-52 (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)). Here, the ALJ stated exactly the same: she considered whether Plaintiff had an impairment or combination of impairments that met a listing and she considered all of Plaintiff's "symptoms and the extent to which [those] symptoms can reasonable be accepted as consistent with the objective medical evidence and other evidence[.]" Tr. 16.

Plaintiff also asserts that his hypertension was severe enough to cause a heart attack which allegedly occurred "within two and a half months of" his date last insured, and therefore, his hypertension should have been considered in his RFC. Pl.'s Br. 22. However, the record does not reflect that Plaintiff had a heart attack within two and a half months of his date last insured. Rather, the record reflects that Plaintiff did not have a heart attack. On February 15, 2015, two and a half months after his date last insured, Plaintiff went to the emergency room complaining of "left sided chest pain (pressure)" that had begun that night, combined with left flank and back pain for one month. Tr. 617. His

9

physical exam returned normal results.  Tr. 618.  Radiological reports showed no active disease.  Tr. 620.  The clinical impression at that time was myocardial infarction.  Tr. 622.  Subsequently, however, Plaintiff's medical record was updated with additional documentation that stated that he "DID NOT have" a myocardial infarction.  Tr. 625 (emphasis in original).

To the extent Plaintiff argues the ALJ mischaracterized the record, none of the group therapy records cited by Plaintiff contain any indication of any limitations not previously considered by the ALJ.  *See* Pl.'s Br. 23.  By way of example, the group therapy record for August 22, 2014 simply states the topics addressed, and noted Plaintiff was alert and oriented, he did not report any homicidal or suicidal ideation, and his thoughts were connected and logical.  Tr. 505-06.  Dr. Koneru's treatment notes for December 10, 2014, show Plaintiff had an essentially normal mental status examination, although Plaintiff was not happy and was tired, and he expressed some paranoia and anxiety.  Tr. 498.  Nonetheless, Dr. Koneru did not suggest any limitations.  *Id.*

Next, Plaintiff argues the ALJ failed to include limitations in Plaintiff's RFC that were suggested by Dr. Boyd.  Pl.'s Br. 24.  The ALJ, however, was not required to defer to any limitations suggested by medical providers under the regulations which apply to Plaintiff's claim.

Finally, Plaintiff argues the ALJ improperly relied upon Plaintiff's medical non-compliance, and according to Plaintiff, the ALJ should have investigated proper reasons for Plaintiff's non-compliance as a result.  Pl.'s Br. 25.  As the Commissioner correctly notes, however, the ALJ did not find Plaintiff not disabled <u>because</u> of his non-compliance.

Comm'r's Br. 19-20, ECF No. 19.  Rather, the ALJ found Plaintiff was not disabled because he failed to prove he was disabled.  *Id.*  As a result, the ALJ was not required to investigate possible reasons for Plaintiff's non-compliance.  Soc. Sec. Ruling 18-3p, 83 Fed. Reg. 49616, 49617 (Oct. 2, 2018) ("We will not determine whether an individual failed to follow prescribed treatment if we find the individual is not disabled").

As previously noted, the issue before the Court is whether substantial evidence supported the ALJ's decision, not whether another decision is possible.  Plaintiff's arguments largely focus on evidence which could support another decision.  The Court finds the ALJ considered all of Plaintiff's evidence, her decision is supported by substantial evidence, and the ALJ applied the correct legal standards.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is **AFFIRMED**.

**SO ORDERED**, this 6th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE